DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

THOMAS A. COLTHURST (CABN 99493)
DANIEL PASTOR (CABN 297948)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6778
    FAX: (415) 436-7234
    daniel.pastor@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCO RICARDO MIRANDA, <br><br> Defendant. | NO. 20-MJ-71634 MAG <br><br> **UNITED STATES' MEMORANDUM IN SUPPORT OF DETENTION MOTION FOR DEFENDANT FRANCISCO RICARDO MIRANDA** <br><br> Date: November 24, 2020 <br> Judge: Hon. Jacqueline Scott Corley <br> Time: 10:30 A.M. |

      Francisco Ricardo Miranda is the leader of a Bay Area drug trafficking organization (the "Miranda DTO") and a Mexican citizen. The DEA has been investigating the Miranda DTO since December 2019. The Miranda DTO obtains cocaine and methamphetamine from Southern California-based suppliers and has ties to drug suppliers in Mexico. The government submits that Miranda should be detained. He is a continuing danger to the community and there is a significant risk that he will flee to avoid prosecution. The rebuttable presumption in favor of detention also applies in this case. 18 U.S.C. § 3142(e)(3)(A).

\\

\\

1

### I.     Applicable Legal Standard

Pursuant to the Bail Reform Act, codified at 18 U.S.C. § 3142, if the Court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court shall order the detention of the person before trial. 18 U.S.C. § 3142(e)(1). In making such a determination, the Court shall take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense involves a firearm;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or, local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

"The facts that the Court uses to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). The burden of proof rests with the government prior to trial. *See United States v. Hir*, 517 F.3d 1081, 1096 (9th Cir. 2008). With respect to risk of flight, the government bears the burden of demonstrating by a preponderance of the evidence that no set of release conditions will mitigate the risk of non-appearance. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The rules concerning admissibility of evidence in criminal trials do not apply to a detention hearing. 18 U.S.C. § 3142(f)(2)(B).

\\
\\

**II.     Miranda Is a Serious Flight Risk and Poses a Continuing Danger to the Community.**

    **A.     Miranda Stated His Intent to Flee to Mexico If Arrested. Miranda's Co-Conspirator Rojas Is Believed to Have Already Fled to Mexico.**

Miranda faces a minimum of 10 years in prison for his role as the leader and organizer of a drug conspiracy to possess five or more kilograms with intent to distribute. In a phone call intercepted during the court-authorized wiretap, Miranda said, "If they catch me . . . I will leave to the motherland." Pastor Decl., Ex A at 2 (call transcript).  Miranda's family owns orchards in Mexico, and Miranda was intercepted speaking to his father in Mexico during the court-authorized wiretaps in this case.  Miranda's co-conspirator Rojas (who was arrested by the California Highway Patrol after five kilograms of cocaine were found in his vehicle), is believed to have already fled to Mexico. Rojas has been intercepted calling drug associates using a Mexico-based phone number.

    **B. Miranda Has Been Living Under An Assumed Identity and Using Fraudulent Identity Documents**

Miranda has a California Driver's License bearing his photo and the name "Concepcion Amneris Aponte." The license lists an address in Delhi, California, south of the city of Merced.  In fact, Miranda resides in the Bay Area at a house in Newark, California.

**CALIFORNIA DEPARTMENT OF MOTOR VEHICLES**
**IMAGE RECORD FOR:**
**CONCEPCION AMNERIS APONTE**

F7975938   EXPIRES: 12/06/2023   CLASS: F   SEX: M
HAIR: BLK   EYES: BRN   HEIGHT: 510   WEIGHT: 215
DATE OF BIRTH: 12/06/1985
ADDRESS: 15970 EL CAPITAN WAY, DELHI, CA 95315

PHOTO DATE: 06/12/2018   PHOTO OFFICE: 534   APPLICATION DATE: 06/12/2018   APPLICATION OFFICE: 534
ISSUE DATE: N/A   ISSUE OFFICE: N/A   RESTRICTIONS:
PHOTO SEQ #: 6460   ENDORSEMENTS:

SIGNATURE:




FINGERPRINT:

3

When agents executed a search warrant on Miranda's home, they found a Social Security card (shown below) bearing the name on the driver's license with Miranda's photo.



### C. Miranda Has An Active State Arrest Warrant For 2009 Drug Charges

Miranda has an active state arrest warrant from Redwood City, California. In 2009, state authorities charged him with possession for sale of controlled substances and conspiracy to sell controlled substances. In August 2010, an immigration judge ordered him removed from the United States. In August 2011, federal authorities removed Miranda to Mexico. At some point thereafter, Miranda illegally reentered the U.S. and resumed his drug trafficking activities. Use and possession of fraudulent identity documents, unlawful entry into the United States, and prior failure to appear in state court are all factors that support detention based on risk of flight. *United States v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015).

### D. Miranda lacks legitimate employment tying him to the community and is a full-time drug dealer posing a continuing danger to the community

The DEA monitored communications over several telephones used by Miranda during the months of February, March, April, June, and July 2020. Miranda's phones had user subscriber information under different names. Agents uncovered no evidence of legitimate employment during the interception periods. When Miranda was processed after his arrest in this case, he told the agents that he

1  did not have a job. He is a full-time drug dealer. During the search, Miranda also attempted to destroy
2  his phone by breaking it in half.
3        Through the investigation, Miranda has been linked to several significant drug seizures,
4  indicating the scale of his drug distribution business. When agents searched Miranda's home on
5  November 17, 2020, they found a large amount of cash (shown below).



19        When agents searched Miranda's stash house in Mountain View, California on November 17,
20  2020, they seized 30 pounds of methamphetamine that was still drying. At the stash house, agents also
21  seized a press used to stamp symbols on bricks of cocaine. Location data obtained through a search
22  warrant for Miranda's cell phone shows that Miranda frequented the stash house.
23        In addition, through court-authorized wiretaps, surveillance, and drug seizures, the DEA has
24  documented Miranda's involvement in three cocaine transactions in April and June 2020 (see table
25  below).

| DATE | DRUGS SEIZED | CIRCUMSTANCES | COMPLAINT PARAGRAPHS DESCRIBING SEIZURE |
|---|---|---|---|
| 4/1/2020 | 291 grams of cocaine | Co-defendant Soto arranged to return cocaine to Miranda that Miranda would provide to co- | Seizure described in ¶ 61. Relevant intercepted communications and |

| | | defendant Cisneros. DEA seized the cocaine from hiding place. | surveillance described in ¶¶ 59-62. |
|---|---|---|---|
| 4/9/2020 | 4,985 grams of cocaine | Miranda arranged to have co-defendant Rojas pick up a shipment of approximately 5 kilograms of cocaine, which was discussed in several intercepted communications. The 5-kilogram shipment was seized by officers from the California Highway Patrol. | Seizure described in ¶¶ 23-24. Relevant intercepted communications and surveillance described in ¶¶ 18-25. |
| 6/14/2020 | 997 grams of cocaine | Miranda arranged shipment of 12 kilograms of cocaine, which was discussed in several intercepted communications. A portion of the shipment of cocaine was seized by Hayward police officers. | Seizure described in ¶¶ 47-48. Relevant intercepted communications and surveillance described in ¶¶ 26-50. |

The preponderance of the evidence shows a risk of flight where, among other factors, the weight of the evidence alerts the defendant to the reasonable possibility of conviction. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). Here, the evidence against Miranda, and the mandatory ten-year sentence he faces if convicted, make him a serious risk of flight. *See id.* at 994-95.

Miranda is also a danger to the community by virtue of the means he has chosen to make a living. As one court has explained, the risk of continued drug trafficking in particular is a danger to the community:

> In its report accompanying the Comprehensive Crime Control Act of 1984, Senate Report No. 98-225, reprinted in 1984 U.S. Code Cong. & Ad. News, pp. 3182, et seq., the Senate Committee on the Judiciary explained at length the concept of pretrial detention as provided under § 3142(e). The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community "refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *Id*. at 3195. The Committee also emphasized that "the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" (Footnote omitted.) *Id*. at 3196. *See also United States v. Strong*, 775 F.2d 504, 506-07 (3d Cir. 1985) (Congress equated drug trafficking with danger to community).

*United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989); *see also United States v. Torres*, 2009 WL 2160581 (N.D. Cal. 2009) (unpublished) ("In assessing danger, physical violence is not the only form of danger contemplated by the statute. Danger to the community can be in the form of continued narcotics

6

activity or even encompass pecuniary or economic harm.") (citing *United States v. Reynolds*, 956 F.3d 192, 192-93 (9th Cir. 1992)).

### III.     Conclusion

The government respectfully requests that the Court detain Miranda as a serious risk of flight and a continuing danger to the community.

DATED:  November 23, 2020						Respectfully submitted,

							DAVID L. ANDERSON
							United States Attorney

							____/s/_____
							DANIEL PASTOR
							Assistant United States Attorney