STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

DANIEL PASTOR (CABN 297948)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    daniel.pastor@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 20-CR-452-WHO-4 |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Judge: Hon. William H. Orrick |
| URIEL SOTO, | Date: December 8, 2022 |
| Defendant. | Time: 1:30 p.m. |

I.    **INTRODUCTION**

    Defendant Uriel Soto pleaded guilty to Count One of a Superseding Information charging him with Possession with Intent to Distribute a Mixture and Substance Containing Cocaine on June 2, 2021. PSR ¶ 4. On the same date, Judge Chen referred Mr. Soto to the Convictions Alternative Program (CAP) and continued sentencing to allow Mr. Soto to complete the program. *Id.* The government agrees with the Probation Officer that Mr. Soto has performed well in the Program and made good progress in dealing with the substance abuse issues that have been at the root of his past criminal conduct. Accordingly, the government joins in U.S. Probation's recommendation that the Court vary

downward and sentence Mr. Soto to time served, three years of supervised release, and a $100 special assessment. The government recommends that the Court impose the conditions of supervised release proposed by U.S. Probation.

## II. SENTENCING GUIDELINES CALCULATIONS

As reflected in the Plea Agreement and the PSR, the Sentencing Guidelines calculation for the defendant's offense are as follows:

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. §§ 2D1.1(c)(11) | | 18 |
| b. | Acceptance of Responsibility, U.S.S.G. § 3E1.1: | | -3 |
| c. | Total Offense Level: | | 15 |

*See* PSR ¶¶ 30-39.  The parties reached no agreement on the defendant's criminal history category.  PSR ¶ 5.  The government agrees with U.S. Probation that the defendant falls into criminal history category (CHC) II.  PSR ¶¶ 40-50. The applicable guidelines range is 21-27 months. PSR ¶ 84.

## III. GOVERNMENT'S VIEW OF THE OFFENSE AND SECTION 3553 FACTORS

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to rehabilitate the defendant.  18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Guidelines are "the starting point and the initial benchmark" but are not binding. *Gall v. United States*, 552 U.S. 38, 49 (2007).

Section 3553(a) sets forth factors that the Court must consider in determining a sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims.  18 U.S.C. § 3553(a); *Carty*, 520 F.3d at 991.

### A. Offense Conduct

The defendant admitted that, on or about April 1, 2020, he knowingly possessed 291 grams of a mixture and substance containing cocaine that he left in a stairwell, intending to distribute it to another person.  PSR ¶¶ 18-19, 25; Dkt. 71 ¶ 2.  Based on text messages intercepted during a court-authorized

wiretap, agents learned that the defendant was returning the cocaine to co-defendant Francisco Miranda but did not want to meet Miranda in person because the defendant was ill with COVID-19.  PSR ¶ 20.  DEA agents seized the cocaine from the public stairwell where Soto left it for Miranda before Miranda arrived to collect it.  PSR ¶¶ 19-21.

### B. The 3553(a) Factors

The defendant has a long history of abusing illicit drugs since he was 12 years old and has struggled with addiction for most of his adult life.  PSR ¶ 107.  His criminal history and the instant offense appear to be related to drug addiction.  *Id.*  Since entering the CAP program, Mr. Soto has remained sober for over two years, maintained steady employment, and participated successfully in drug testing, drug treatment, and meetings.  *Id.*  Probation reports that Mr. Soto has made "an extraordinary post-offense rehabilitative effort" and "has shown the ability and motivation to change."  PSR Rec. at 2.  Given Mr. Soto's willingness and commitment to pursuing long-term drug treatment and the progress he has made, the government agrees with Probation that a downward variance to a time served sentence is appropriate in this case.

## IV. CONCLUSION

The government joins in U.S. Probation's recommendation that the Court vary downward and impose a time-served sentence, three years of supervised release, a special assessment of $100, and the conditions proposed in the presentence report.

DATED:  December 1, 2022                             Respectfully submitted,

STEHANIE M. HINDS
United States Attorney

*/s/ Daniel Pastor*
DANIEL PASTOR
Assistant United States Attorney